IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REGINALD D. JONES, AIS #112467   :
                                 :
    Plaintiff,                   :
                                 :
vs.                              : CIVIL ACTION NO. 11-00679-WS-B
                                 :
MICHAEL YOUNGPETER, *et al.*,    :
                                 :
    Defendants.                  :

**REPORT AND RECOMMENDATION**

Plaintiff Reginald Jones, an Alabama inmate proceeding *pro se*, filed the instant action alleging violations under 42 U.S.C. §1983. Along with his Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees. (Docs. 1, 2). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), this action was referred to the undersigned for appropriate action. Based upon a careful review of Plaintiff's Complaint and Motion, as well as the Court's docket[1], the undersigned recommends that Plaintiff's Motion be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

While screening this action as required under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that Plaintiff has had at

---

[1] The undersigned has also reviewed the dockets of the United States District Courts for the Middle District of Alabama and the Northern District of Alabama.

least three actions previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Jones v. Ray, et al., CA 95-0423-MHT-CSC (M.D. Ala. Apr. 19, 1995)(frivolous); Jones v. Evans, et al., CA 94-0075-BH-M (S.D. Ala. May 10, 1994)(frivolous); Jones v. Evans, et al., CA 93-0778-BH-C (S.D. Ala. May 10, 1994)(frivolous), *appeal dismissed* (11th Cir. Oct. 18, 1994)[2].

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The statutory restriction "[i]n no event," found in § 1915(g) is express and unequivocal. The statute only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

---

[2] Plaintiff's appeal was dismissed for want of prosecution after he failed to pay the filing and docket fees.

However, the statute allows an exception for a prisoner who is "under imminent danger of serious physical injury" at the time he filed his lawsuit. Riveria v. Allin, 144 F.3d 719, 723 (11th Cir. 1998). Because Plaintiff has had at least three suits dismissed as frivolous, he can go forward with the instant action only if he establishes that he was "under imminent danger of serious physical injury" at the time he filed his complaint. Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)). In determining whether a plaintiff was under imminent danger of serious physical injury, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F. 3d. at 1350.

A careful review of Plaintiff's Complaint fails to reveal any facts that suggest that he was under imminent danger of serious physical injury at the time he filed the Complaint. As best the Court can discern, while on parole, Plaintiff was arrested and charged with burglary, 3rd degree. He was subsequently convicted on June 3, 2010, and was sentenced to twenty years.[3] (Doc. 1 at 27-28). Plaintiff has alleged that some

---

[3] It appears that state officials also sought to revoke Plaintiff's parole. (Doc. 1 at 27-28).

seventeen individuals, including various judges, other court personnel and law enforcement officials engaged in a massive conspiracy to have him wrongfully convicted and returned to prison. (Doc. 1). Plaintiff requests immediate release and compensation. (Id. at 31). However, Plaintiff's Complaint, which numbers in excess of thirty (30) pages, is totally devoid of any facts which suggest, let alone establish, that he was under imminent danger of serious physical injury at the time he filed his lawsuit. Thus, Plaintiff has failed to satisfy the "imminent danger" exception found in § 1915(g).

Because Plaintiff did not pay the $350.00 filing fee at the time he filed this action and has not satisfied § 1915(g)'s "imminent danger" exception, his action is due to be dismissed without prejudice. Dupree, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action). Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **19th** day of **January, 2012.**

                                                /S/ SONJA F. BIVINS  
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

6

>      objection may be deemed an abandonment of
>      the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.  **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **19th** day of **January, 2012.**

　　　　　　　　　　　　　　　　　　/**s/** **SONJA F. BIVINS**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**